## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 133 | **DATE** | February 19, 2008 |
| **CASE TITLE** | Samuel Jackson #2007-0010812 v. Martinez | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file in forma pauperis is granted.[3] The court authorizes Cook County Jail officials to deduct $11.66 from plaintiff's account. The clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This case is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. Section 1915(e)(2)(B). All pending motions are denied as moot. This dismissal counts as a strike pursuant to 28 U.S.C. section 1915(g).

■ **[For further details see text below.]**      Docketing to mail notices.

### STATEMENT

Plaintiff is granted leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.66. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, 20th floor., and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

Plaintiff sues officers of the Chicago police department as well as supervisory persons claiming that Chicago police officers used excessive force against him on December 5, 2005. He signed this complaint for filing at the jail on December 14, 2007, and the case was received by the court on January 7, 2008. For purposes of this review, because Plaintiff is a prisoner, the court uses the signature date, December 14, 2007, as the operable filing date.

ste

**STATEMENT (continued)**

Under 28 U.S.C.§1915A, the court is directed to dismiss a suit brought in forma pauperis at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. *Wilson v. Garcia*, 471 U.S. 261 (1985), held that 42 U.S.C. § 1988 requires federal courts to borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. *Hileman v. Maze,* 367 F.3d 694, 696 (7th Cir.2004). The cause of action arose at the time that the incident occurred, namely December 5, 2005. The applicable statute in this instance is 735 ILCS 5/13-202 (1992), which provides that actions for damages shall be commenced within two years next after the cause of action accrued. *See Booker v. Ward*, 94 F. 3d 1052, 1056 (7th Cir. 1996), citing *Farrell v. McDonough*, 966 F. 2d 279, 282 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). The statute of limitations is not tolled even though the Plaintiff may not know the wrong done to him is legally actionable. *Tate v. Beverly Chrysler Plymouth*, 182 Ill. App. 3d 830, 837, 538 N.E.2d 663, 667 (Ill. App. 1st Dist. 1989). Further, Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D.Ill. 1989). Because more than two years have elapsed since plaintiff's claim against Defendants police officers arose, this action is time-barred. ( The incident occurred December 5, 2005; Plaintiff signed his complaint for filing on December 14, 2007.)

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). According to the records of this court, Plaintiff has now incurred his third strike. If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $455 appellate filing fee. Unless he is granted leave to proceed in forma pauperis, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If this court finds that appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed in forma pauperis and pay the fee in installments, but will have to pay the fee immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3).